IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

OHIO VALLEY ENVIRONMENTAL
COALITION, et al.,

          Plaintiffs,

v.                                  CIVIL ACTION NO. 3:08-0979

UNITED STATES ARMY CORPS
OF ENGINEERS, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Plaintiffs' Motion for Leave to File a Second Amended Complaint (Doc 35), Fola Coal Company, LLC's Motion to Intervene as Defendant (Doc. 47), and a Joint Motion to Revise Briefing Schedule (Doc. 53). As explained below, the motion to file a Second Amended Complaint is **GRANTED**. Plaintiffs' Second Amended Complaint clearly raises issues of interest to Fola, and its motion to intervene is **GRANTED**. The Joint Motion to Revise Briefing Schedule is unopposed; it is also **GRANTED**.

**Background**

Plaintiffs filed a Complaint for Declaratory and Injunctive Relief on August 7, 2008, against the U.S. Army Corps of Engineers ("Corps") Lieutenant General Robert L. Van Antwerp, and Colonel Dana R. Hurst, challenging Hobet Mining Company, LLC's ("Hobet") 404 permit for its Surface Mine No. 22 ("Hobet 22 Mine"). On August 15, 2008, Plaintiffs reached a settlement agreement of their claims against Hobet. Plaintiffs then filed a first Amended Complaint on August 20, 2008. This amendment reduced the case to a single procedural claim against the Corps, which alleged that the Corps provided inadequate public participation in the process resulting in the

issuance of a 404 permit for the Hobet 22 Mine. The amended complaint expressly acknowledged that Plaintiffs sought no relief against Hobet. The Corps has indicated that it plans to file a motion to dismiss Plaintiffs claims as moot. *See* U.S. Mem. in Supp. of Mot. to Stay (Doc. 22). Hobet moved to intervene as a defendant on September 12, 2008, arguing that it had interests in the case despite its settlement agreement. The Court granted its motion on September 15, 2008.

On September 18, 2008, Plaintiffs requested leave to file a Second Amended Complaint, adding a challenge to a permit issued by Fola Coal Company ("Fola"). The Proposed Second Amended Complaint seeks not only declaratory relief, but requests the Court vacate Fola's Ike Fork Permit. Also on September 18, 2008, Fola filed its own Declaratory Judgment Complaint in the Charleston Division of this district, seeking a declaration on the validity of the Ike Fork Permit.

Plaintiffs recent challenge to the Ike Fork Permit is not the first time they have tried to vacate the permit. In April 2008, Plaintiffs requested leave to file a sixth supplemental complaint and moved for a Temporary Restraining Order (TRO) against the Ike Fork permit in Case No. 3:05-784 (also styled *Ohio Valley Environmental Coalition v. U.S. Army Corps of Engineers*). In exchange for Plaintiffs' withdrawal of their TRO motion, Fola agreed to limit work to certain areas within the Ike Fork permit or provide 30 days notice before starting work outside those areas.[1] On September 6, 2008, Fola notified Plaintiffs that it intended to begin work outside the agreed upon area on October 5, 2008.

Both Fola and Hobet characterize Plaintiffs' Proposed Second Amended Complaint as an attempt to avoid an adverse ruling on the issue of mootness. They contend that fear of an adverse

---

[1]The Court deferred ruling on the motion to file a sixth amended complaint because Plaintiffs made similar agreements with other defendants, temporarily mooting new issues within that complaint. These agreements contemplate a decision by the Fourth Circuit Court of Appeals, which will guide that case to resolution.

ruling is not a legitimate ground upon which to file a motion to amend. In addition, each argues that it will be prejudiced if the Court grants the Plaintiffs' request to amend. Hobet implies that the first amended complaint must be found moot, and that it will be prejudiced by having to defend an action the Court would otherwise dismiss. Fola, too, implies the current action will be dismissed as moot without Plaintiffs' Second Amended complaint. It urges the Court to keep this case simple, while a judge in the Charleston Division of this district resolves the more complicated "substantive" claims surrounding Fola's Ike Fork Permit.

## Discussion

Under Fed. R. Civ. P. 15(a), a motion to amend should be freely granted "when justice so requires." This rule should be interpreted liberally to effectuate a federal policy favoring resolution of cases on their merits, rather than on the technicalities of pleading. *See Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc), *citing Conley v. Gibson*, 355 U.S. 41, 48 (1957); *see also* 5A Charles Allen Wright and Arthur Miller *Federal Practice & Procedure*, § 1357 (2d ed. 1990). In *Laber,* Fourth Circuit Court of Appeals held that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber*, 438 F.3d at 426. Under *Laber*, a trial court abuses its discretion if it denies a motion to amend without evidence of bad faith, prejudice, or futility. *Id.* at 429.

Each of the Defendants' arguments hinge on a characterization of Plaintiffs' motives. Pursuant to *Laber*, a plaintiff's motivation is only relevant if it can be described as "bad faith." Such a label is not applicable here. While Plaintiffs may understandably want to avoid a ruling declaring their case moot, it is doubtful that the avoidance of such a ruling was the only motivation behind their motion to file a Second Amended Complaint. Plaintiffs did not learn of Fola's intentions to

expand operations until after they filed their original and first amended complaints. Once Plaintiffs learned of Fola's intentions, they diligently requested permission to file a Second Amended Complaint. The desire to address these activities was almost certainly a factor motivating their motion to amend. Even if Plaintiffs do fear such an adverse ruling, the legal standard to evaluate a motion to amend does not change however obvious a plaintiff's desire to avoid judgment *Id.* at 427 ("a post-judgment motion to amend is evaluated under the same legal standard as a similar motion filed before judgment was entered"). Plaintiffs' filed their motion for a Second Amended Complaint before any motion to dismiss raising the issue of mootness, and after Plaintiffs gained new information relevant to their claims. There is no evidence of bad faith.

The Proposed Second Amended Complaint will not prejudice either Hober or Fola. Hobet offers little more than speculation about how the Court may have ruled on the issue of mootness if the Second Amended Complaint is not permitted. The Second Amended Complaint does not change Plaintiffs allegations against Hobet or seek new relief against the company. Hobet voluntarily entered this case as an intervenor after settling with Plaintiffs and before the filing of the Proposed Second Amended Complaint. Hobet's interest in this case will not change with an additional challenge against Fola. Because Hobet chose to become a part of this case, it should not complain about having to litigate it.

Fola's arguments as to prejudice are equally unavailing. While the addition of claims against it may add complexity to this case, the Court is well equipped to handle them. The procedural defects alleged against the Ike Fork Permit are squarely before this Court and undeniably the centerpiece of Plaintiffs' claims. While the Proposed Second Amended Complaint raises new legal theories addressing the substance of Fola's Ike Fork Permit, the Court is already familiar with these issues and will be able to handle them efficiently. These issues are similar to those already ruled

upon by this Court in Case No. 3:05-784. *See Ohio Valley Environmental Coalition v. U.S. Amry Corp of Engineers*, 479 F.Supp.2d 607 (S.D. W. Va. 2007). To argue that another court would be able to resolve them more efficiently is nonsensical; to assert that judicial economy is furthered by having multiple trial courts consider complicated but similar issues involving many of the same parties is absurd. Addressing new issues in this Court and in this case is the most expeditious way to resolve them. Fola will not be prejudiced by the filing of the Second Amended Complaint.

No defendant has argued that the filing of Plaintiffs' Second Amended Complaint is futile. Having no evidence of bad faith, prejudice, or futility, the Court must grant Plaintiffs permission to file a Second Amended Complaint.

## Conclusion

As explained above the Court **GRANTS** Plaintiffs' motion to file a Second Amended Complaint (Doc. 35). The new complaint raises issues of substantial interest to Fola; consequently, Fola's Motion to Intervene as Defendant (Doc. 47) is **GRANTED**. The Joint Motion to Revise Briefing Schedule (Doc. 53) is unopposed and **GRANTED** for reasons appearing to the Court.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties. The Clerk is also **DIRECTED** to file Plaintiffs' Proposed Second Amended Complaint (Doc. 35 Attach. 1) as part of docket.

ENTER: October 17, 2008

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE