IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

OHIO VALLEY ENVIRONMENTAL
COALITION, et al.,

          Plaintiffs,

v.                              CIVIL ACTION NO. 3:08-0979

UNITED STATES ARMY CORPS
OF ENGINEERS, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Fola Coal Company, LLC's Motion to Disqualify Presiding Judge (Doc. 51). Having considered the parties' arguments, the relevant canons of conduct, and precedents in law, I have decided to **DENY** Fola's motion for the reasons explained below.

**Background**

Fola Coal Company's ("Fola's") motion was based upon my previous involvement with the West Virginia Highlands Conservancy ("WVHC"), one of the plaintiffs in this case. On October 15, 2008, I issued an Order disclosing, to the best of my recollection, my past associations with the WVHC. *See* Doc. 55. Parties were ordered to respond within three days. The United States and Fola have each submitted a response. Plaintiffs filed a memorandum in opposition to the original motion as well as a response to my disclosure.

As I described in my disclosure, when I was a member of the state legislature I previously made the minimum financial contributions necessary to be considered a member and receive the newsletter of the WVHC. I did not participate in WVHC meetings or other activities. As Speaker

of the West Virginia House of Delegates I may have appeared at public events sponsored by the WVHC, as I did for many organizations, although I do not recall any specifically. Although I do not remember precisely when I terminated my membership with the WVHC, I am certain it ended by the time I finished my legislative service and before I was nominated to be a judge. (The WVHC's records indicate that I have not been a member and made no contributions since at least 1994.) *See* Rank Decl. Pls.' Ex. 2 Doc. 54.

Based on these representations the United States has no objection to me presiding over this case. Fola has maintained its objections based upon my prior associations.

## ANALYSIS

The facts of this case are strikingly similar to those considered by the Fourth Circuit Court of Appeals in *Sierra Club v. Simkins Industries, Inc.* 847 F.2d 1109 (4th Cir. 1988) *vacated on other grounds by Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.* 149 F.3d 303 (4th Cir. 1998). There, the defendant moved for the judge to recuse himself based on past membership in the plaintiff organization, the Sierra Club. *Id.* at 1116-17. The judge had been a member of the Sierra Club prior to his appointment to the bench, but resigned upon appointment. *Id.* at 1116. The judge's membership had expired more than ten years prior to the litigation. *Id.*

In its analysis, the *Simkins* court recognized the appropriate standard for recusal is whether there is a reasonable basis for questioning the judge's impartiality. *Id.* at 1117 *citing U.S. v. Carmichael,* 726 F.2d 158, 160 (4th Cir. 1984). The court clearly held, "[w]e have no difficulty concluding that a brief association with the Sierra Club terminated over a decade before adversary proceedings commenced does not form a basis for reasonably questioning a district judge's

impartiality." *Id.* The court noted, "litigants are entitled to a judge free of any personal bias, but not to a judge without any personal history before appointment to the bench." *Id.*

Fola attempts to distinguish *Simkins* by pointing out that the judge made an offer of recusal, which was not accepted by the defendants. Fola's reading of the *Simkins* facts is correct, but the offer of recusal is not a reason to distinguish the case. The Fourth Circuit squarely held, "we do not think the district judge's impartiality may be reasonably questioned on the basis of the trial judge's brief membership of the Sierra Club over a decade before this case was tried. His disclosure of his participation or affiliation with plaintiff was therefore not required. . ." *Id.*

Fola raises two additional arguments in an attempt to distinguish *Simkins*: 1) there was no mention of financial support in *Simkins*; and, 2) there had been a substantial investment of judicial resources in that case, while the litigation here is "in the starting blocks." Neither of these arguments change my opinion. I do not believe I made any more than the minimum contribution necessary to be considered a member of the WVHC. While I cannot be certain, it is probable that the *Simkins* judge at least made a similar contribution to the Sierra Club; membership in such an organization generally requires at least a nominal monetary contribution. In response to the second argument, I will simply say that the Fourth Circuit unequivocally held that membership in an organization prior to the appointment to the federal bench is not a reasonable reason to question a judge's impartiality. I see no basis in their reasoning or holding to alter this conclusion because we are near the beginning of this controversy.

In conclusion, the *Simkins* decision has convinced me that I am well within my discretion to continue presiding over this matter. I am certain that I will be able to maintain impartiality and

resolve the matter as fairly as any judge within this district. Fola's motion to disqualify (Doc. 51) is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

                                              ENTER:    October 20, 2008

                                              ROBERT C. CHAMBERS
                                              UNITED STATES DISTRICT JUDGE