IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

OHIO VALLEY ENVIRONMENTAL
COALITION, COAL RIVER MOUNTAIN
WATCH, WEST VIRGINIA HIGHLANDS
CONSERVANCY, and THE SIERRA CLUB,

        Plaintiffs,

v.                                                                          Civil Action No. 3:08-0979

UNITED STATES ARMY CORPS OF
ENGINEERS; ROBERT L. VAN ANTWERP,
Commander in Chief of Engineers, U.S. Army
Corps of Engineers; DANA R. HURST,
Colonel, District Engineer, U.S. Army Corps of
Engineers, Huntington District,

        Defendants,

and

FOLA COAL COMPANY, LLC,
LOADOUT, LLC, and COAL RIVER
MINING, LLC,

        Intervenor-Defendants.

INTERVENOR-DEFENDANT FOLA COAL COMPANY, LLC'S
MOTION FOR RELIEF FROM NOVEMBER 24, 2009 ORDER

      On November 24, 2009, this Court issued a Memorandum Opinion and Order (the

"Order") [Docket #165], declaring that the United States Army Corps of Engineers (the "Corps")

failed to provide adequate public notice and comment regarding Intervenor-Defendant Fola Coal

Company, LLC's ("Fola") Clean Water Act Section 404 Permit No. 200400967 (the "Permit").[1]

The Order remands the Permit to the Corps "for the limited purpose of correcting this procedural

flaw" through another notice and comment period.  Order at 54.  Because it recognized that this

---

[1] The Permit authorizes the discharge of dredged or fill material into waters of the United States in conjunction with
the operations of Fola's Ike Fork No. 1 and Ike Fork No. 2 Surface Mines.

procedural defect "did not stem from any wrong-doing on the part of [Fola]," this Court also stayed the effect of the Order for 60 days "so that the parties may have an opportunity to appeal this decision and/or to seek other desired relief." *Id.* Fola now requests that this Court grant a limited stay of its Order as to the valley fills[2] in which Fola is already working, as authorized by its Permit and pursuant to agreements with Plaintiffs' counsel and subsequent orders of this Court. If the requested stay is granted, it will allow Fola to continue its ongoing activities on a limited basis under the supervision of the Corps while the public notice and comment issue is being addressed.[3]

## BACKGROUND

The Corps issued Fola's Section 404 Permit on March 5, 2008. Plaintiffs initially pursued their claims against Fola in *Ohio Valley Environmental Coalition v. U.S. Army Corps of Engineers*, Civ. Action No. 3:05-0784 ("*OVEC I*"), and filed a motion seeking a temporary restraining order ("TRO") for the Permit in April of 2008. During this Court's April 23, 2008 hearing on this motion, the parties reached an agreement that allowed Fola to continue using Valley Fill 4 of the Ike Fork No. 2 Surface Mine, as long as Fola's mining activity remained within certain boundaries identified by the parties on a map provided to this Court. *See* Transcript of Motion Hearing, April 23, 2008 (the "April 23, 2008 Transcript") [Docket #470] at 94. This agreement was based on Mike Isabell's testimony relating to the substantial stream

---

[2] The valley fills at issue are Valley Fills 1, 2 and 3 on the Ike Fork No. 1 permit, and Valley Fills 2, 4 and 7 on the Ike Fork No. 2 permit. These fills will be discussed in greater detail below.

[3] Although the federal Administrative Procedure Act states that a reviewing court shall "hold unlawful and set aside agency action . . . found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law [or found to be] without observance of procedure required by law," 5 U.S.C. § 706(2)(A) and (D), it is well-settled that a reviewing court may leave an unlawful agency action in place during the remand period, if equity so demands. *See, e.g., Comcast Corp. v. Federal Communications Commission*, 571 F.3d 1, 8 (D.C. Cir. 2009) (unlawful agency rulemaking); *Natural Resources Defense Council v. U.S. Department of the Interior*, 275 F. Supp. 2d 1136, 1143-45 (C.D. Cal. 2002) (same).

disturbance already completed on Valley Fill 4 at the time of the hearing.[4]  *Id.* at 25-59.  Fola

further agreed to provide Plaintiffs with 30-days notice of its intention to begin mining activity

outside of this designated area.  *Id.* at 94.  In its April 23, 2008 order issued in that case [Docket

#397], this Court dismissed Plaintiffs' motion for the TRO as moot based on the mutual

agreement of the parties during the hearing.[5]

     Fola provided Plaintiffs with the required 30-day notice of its intention to begin mining

outside of the previously agreed area by e-mail dated September 6, 2008.  *See* Ex. 8 to Plaintiffs'

Motion for Preliminary Injunction [Docket #36-12].  In response to this notice, Plaintiffs filed a

new motion for a preliminary injunction in the present civil action and an evidentiary hearing on

this motion was held on October 22-24, 2008.  By order dated October 31, 2008 [Docket #77]

(the "October Order"), this Court granted Plaintiffs' request for a preliminary injunction, but

simultaneously stayed that injunction with respect to Valley Fills 2 and 3 on the Ike Fork No. 1

Permit in order to allow Fola to continue its mining operations during the pendency of this

litigation.[6]  October Order at 1, 6.

     On June 17, 2009, Fola filed a motion to modify the October Order, requesting that this

Court expand the fills subject to the stay of the October Order to include Valley Fill 1 on the Ike

Fork No. 1 permit and Valley Fills 2 and 7 on the Ike Fork No. 2 permit.  [Docket #148.]  A

hearing was held on Fola's motion on August 20, 2009.  By order dated August 21, 2009, this

---

[4] Specifically, Mr. Isabell testified that, with respect to Valley Fill 4 on the Ike Fork No. 2 Permit, that 90% of the footprint of the fill had already been disturbed.  Specifically, the clearing and grubbing had been completed, the substrate from the stream bed had been removed entirely, and SWROA structures had been constructed. April 23, 2008 Transcript at 39-44.

[5] After articulating the parties' agreement to the Court, Plaintiffs' counsel stated on the record that he would not "pursue relief against Valley Fill 4 . . . in the future" and stated that the proposed Sixth Supplemental Complaint could "be dismissed with prejudice as to [this] small area[]." April 23, 2008 Transcript at 96.  It is unclear whether this dismissal was ever formally entered by the Court, however.

[6] Such a stay was proposed by Plaintiffs' counsel at the close of the preliminary injunction hearing on October 24, 2008.  The precise boundaries of the exempted valley fills were determined during a telephonic hearing held on November 7, 2008.  [Docket #81].

Court granted Fola's motion and modified the preliminary injunction to exempt the requested three fills. Memorandum Opinion & Order, August 21, 2009 (hereafter "August Order") [Docket #160] at 1. Fola began work on these newly authorized fills immediately upon receipt of the August Order. *See* Exhibit 1 (Affidavit of Mike W. Isabell) (hereafter "Isabell Affidavit") at 2.

Finally, this Court issued the Order that is the subject of this Motion on November 24, 2009. Despite remanding the Permit to the Corps for additional public notice and comment, this Court stayed the effect of the Order for 60 days, during which period Fola is authorized "to continue to conduct limited mining activities in accord with any existing agreements between the parties and any previous Opinions and/or Orders of this Court." Order at 54-55. Taken together, Fola has been conducting mining activities since the Permit's issuance in March of 2008, although this work has been limited to the use of the valley fills identified above.

As of the date of the filing of this Motion, and consistent with the terms of its permits, Valley Fill 4 on the Ike Fork No. 2 permit and Valley Fills 2 and 3 on the Ike Fork No. 1 permit are completed. Additionally, Fola has undertaken significant work in the areas of Valley Fill 1 on the Ike Fork No. 1 permit and Valley Fills 2 and 7 on the Ike Fork No. 2 permit. With regard to each of these fills, clearing and grubbing has been completed, the existing streambeds have been removed, the substrate has been collected and stockpiled, and SWROA structures have been constructed in the former stream channels within each of these valley fills. Isabell Affidavit at 2. Further, mining, including filling activity, is ongoing in all of the areas of both Ike Fork No. 1 and No. 2 consistent with Fola's mining permits and prior authorizations of this Court. *Id.*

## STANDARD OF REVIEW

Rule 54(b) of the Federal Rules of Civil Procedure provides that

> any order or other decision, however designated, that *adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties* does not end the action as to any of the claims or parties and may be revised *at any time before the entry of judgment* adjudicating all the claims and all the parties' rights and liabilities.[7]

(emphasis supplied). Indeed, it is well-established that a district court's "[i]nterlocutory orders and judgments . . . are left within the plenary power of the Court that rendered them to afford such relief from them as justice requires." *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1473 (4th Cir. 1991) (citing 7 Moore's Federal Practice ¶ 60.20 (2d ed. 1985)); *see also Greene v. Union Mut. Life Ins. Co. of America*, 764 F.2d 19, 23 (1st Cir. 1985) (same); *Raytheon Constructors Inc. v ASARCO, Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003) (same); *Laffey v. Northwest Airlines, Inc.*, 642 F.2d 578 (D.C. Cir. 1980) (same); *Notes of Advisory Committee on Rules*, Fed. R. Civ. P. 60(b) ("[I]nterlocutory judgments are not brought within the restrictions of [Rule 60(b), regarding relief from final judgments], but rather they are left subject to the complete power of the court rendering them to afford such relief as justice requires").

Beyond considering "the interests of justice," however, district courts within the Fourth Circuit recognize that "the precise standard that should govern a motion for reconsideration of an interlocutory order is unclear." *Mateti v. Activus Financial, LLC*, 2009 WL 3633339, *4 (D. Md. October 27, 2009) (slip copy) (citing *Fayetteville Investors*).[8] Noting that review of an

---

[7] Rule 54(b) does recognize that, "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only if the court expressly determines that there is no just reason for delay*" (emphasis supplied). Such a Rule 54(b) certification was not issued in this case. Therefore, the Order remains interlocutory and subject to the provisions of Rule 54(b) and this Court's broad plenary power to modify its interlocutory judgments.

[8] While the Fourth Circuit has emphasized that motions for review of interlocutory orders are not subject to the same restrictions as motions for relief from final judgments under Rule 60(b), courts occasionally have looked to Rule 60(b) for guidance when reviewing motions to amend or reconsider interlocutory orders. *See Mateti*, 2009 WL 3633339 at *4. Under Fed. R. Civ. P. Rule 60(b), parties may obtain relief from a final judgment or order based upon (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Here, the only potentially relevant provision of Rule

interlocutory order under Rule 54(b) is not subject to the very restrictive standards for motions for reconsideration of final judgments under Rule 60, courts have found that district courts have "practically unbridled discretion . . . to reconsider a previous interlocutory order." *Fisher v. National R.R. Passenger Corp.*, 152 F.R.D. 145, 149 (S.D. Ind. 1993) (noting further that "[n]ot only is a motion to reconsider an allowable method of reviewing a prior order, it is the most appropriate and advantageous method of seeking relief from an interlocutory order for a party to pursue"); *see also Hubbard v. State Farm Indemnity Co.*, 584 S.E.2d 176, 185-86 (W. Va. 2003) (citing *Fisher* for both propositions).

In the present case, the Court's November 24, 2009 Order expressly held in abeyance the question of whether the Corps had a reasonable basis for its conclusion that the selenium discharges from Fola's Ike Fork mines would be individually or cumulatively insignificant. Order at 3. Accordingly, the Order "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties," and a motion for relief is properly considered under Rule 54(b) and the "interests of justice" standard. Fed. R. Civ. P. 54(b).

## ARGUMENT

A.      **The interests of justice would be furthered by the requested stay.**

Strong equitable considerations weigh in favor of granting Fola this limited relief from the Order. As an initial matter, the stay presently sought by Fola is merely an extension of the preliminary relief already granted by this Court during the course of this litigation. Indeed, this Court provided such relief to enable the company to continue its mining operations until the final resolution of this case. October Order at 2; August Order at 3-4. While Fola does not concede that the remand of the Permit also deprives Fola of its ability to conduct mining activity in non-

---

60(b) is the catch-all provision, Rule 60(b)(6). Because, as noted above, motions for relief from interlocutory orders are not subject to Rule 60(b), the heavy burden of proving "extraordinary circumstances" does not apply here. *See Reid v. Angelone*, 369 F.3d 363, 374 (4th Cir. 2004).

jurisdictional areas, to the extent that this Court intended its Order to prohibit all further filling activity upon the expiration of the 60-day stay period absent some additional relief by this Court, the failure to grant the requested relief would impose a severe hardship on Fola and would not serve the broader public interest. Each of the equitable considerations underlying this Court's previous decisions to accord Fola limited relief remain, and granting the requested relief would simply permit Fola to continue its operations at its current pace. By contrast, if prohibited from using the partially constructed valley fills, continued mining at this juncture would not be economically feasible. *See* Exhibit 2 (Affidavit of John Goroncy) (hereafter "Goroncy Affidavit") at 2. A limited stay of the Order allowing Fola to continue working in these already-disturbed areas would enable Fola to preserve as many of its employees' jobs as possible in this uncertain economic climate. *Id.* Employee layoffs will be inevitable, however, absent any additional relief.[9] *Id.* Finally, the financial contributions that Fola's operations provide to Clay County are of critical importance and are well-documented in the record. *See* Transcript of Day 2 of 3 of Motion Hearing, October 23, 2009 [Docket # 110] at 194-97; October Order at 10.

It is clearly in the best interests of both Fola and the public to preserve the status quo to the extent possible while the Corps' procedural defect[10] is remedied,[11] particularly in view of the fact that Fola's Permit is substantively sufficient. Significantly, this Court granted summary

---

[9] On December 8, 2009, CONSOL Energy Inc. ("CONSOL"), Fola's parent company, issued notice pursuant to the federal Worker Adjustment and Retraining Notification Act of a layoff at its Fola Operations expected to begin on February 7, 2010 (the "WARN notice"). As the WARN notice states, this Permit is critical to the continued operations of the larger Fola complex. Goroncy Affidavit at 2. CONSOL expects these layoffs to affect nearly 500 employees, and will not be limited to employees working at the Ike Fork mines. *Id.*

[10] Notably, this Court granted summary judgment in favor of Fola and the other intervenor-defendants with regard to the majority of Plaintiffs' substantive objections to the Permits challenged in this case, with the exception of the narrow selenium question that remains pending with respect to Fola. As the Court stated in its Order, the remand of Fola's Permit is for the "limited purpose" of correcting the Corps' purely procedural error. This Court has not found Fola's permit to be substantively unlawful or deficient in any way.

[11] Indeed, the considerable uncertainty regarding the speed at which a new public notice and comment period may progress, or even the Corps' intentions with regard to an appeal of the Order, further justifies Fola's present request for relief beyond this Court's original 60-day period. To date, the Corps has not issued an amended public notice for the Permit, and has not indicated to Fola when it will do so. Isabell Affidavit at 3.

judgment in favor of Fola and the other intervenor-defendants with regard to the majority of Plaintiffs' substantive objections to the Permits challenged in this case, with the exception of the narrow selenium question that remains pending with respect to Fola. As the Court stated in its Order, the remand of Fola's Permit is for the "limited purpose" of correcting the Corps' purely procedural error. Order at 54. This Court has not found Fola's permit to be substantively unlawful or deficient in any way, and granting the present Motion would merely authorize Fola's continued mining activity in those limited areas that the Court has *already* authorized after a careful review of the ongoing equities of this case.

By contrast, Plaintiffs would not suffer significant harm as a result of such a stay. As this Court recognized in *OVEC I*, no significant environmental harm will result from allowing Fola to continue its use of partially constructed valley fills, as the streambeds in question have already been disturbed: "For those valley fills begun during the pendency of suit, much of the substantial harm has already occurred and cannot be undone. These streams have already been filled and could not be recovered. The likelihood of significant increased harm as a result of using these partially constructed valley fills is minimal." Memorandum Opinion & Order, April 20, 2007, Civ. Action No. 3:05-0784 [Docket # 295] ("April 20, 2007 Order") at 4. Here, Fola is only requesting the continued use of fills already authorized for use by this Court, and since all of the streams associated with these valley fills have already been disturbed, Plaintiffs can achieve no substantial environmental benefit from prohibiting further use of these fills.

Furthermore, allowing Fola to continue its mining activities in these areas will not prevent Plaintiffs or other interested members of the public from submitting comments on the remanded Permit, if desired, which is the relief contemplated by the Order's instruction to the Corps to release the Permit for additional public notice and comment. Indeed, any additional

comments submitted on Fola's permit ostensibly should relate to Fola's compensatory mitigation plan ("CMP")—which contains the information that this Court held was improperly omitted from the original public notice and was the central focus of this litigation—and not the specific areas where mining activities have already commenced. In the event that any comments are submitted on those fills that have already been disturbed, however, such comments would be effectively mooted by Fola's activities in those areas during the pendency of this case. *See, e.g., Sierra Club v. Penfold*, 857 F.2d 1307, 1318 (9th Cir. 1988) (holding that claims challenging mining operations that had already taken place were moot).

As the Fourth Circuit has stated, "injunctive relief should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs." *Kentuckians for the Commonwealth v. Rivenburgh*, 317 F.3d 425, 436 (4th Cir. 2003) (citing *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979)). Accordingly, "an injunction should be carefully addressed to the circumstances of the case." *Id.* (citation omitted). In this case, in light of the procedural nature of the defect, the prior authorizations regarding the valley fills at issue, the lack of resulting harm to Plaintiffs, and dire ramifications to Fola, its employees and the public interest of revoking Fola's use of these fills (and thus the Ike Fork permits), limited relief from this Court's Order for Fola's continued work in the previously authorized valley fills is warranted.

## B. The requested stay is consistent with other decisions of this Court.

Finally, the relief requested by Fola in this matter is consistent with this Court's actions in similar cases where a Corps permit has been suspended or withdrawn after mining activity has commenced. As discussed above, this Court granted a limited stay of its permanent injunction in the *OVEC I* case to the extent that it applied to halt mining activity in partially constructed valley fills after balancing the environmental and socioeconomic harms associated with allowing

mining operations to continue in these already-disturbed areas. Memorandum Opinion & Order, April 20, 2007, Civ. Action No. 3:05-0784 [Docket # 295] ("April 20, 2007 Order") at 4. Likewise, after declaring the Corps' procedure for authorizing projects under Nationwide Permit 21 ("NWP 21") to be legally deficient, Judge Goodwin suspended all NWP 21 authorizations for valley fills and surface impoundments *on which construction had not commenced as of the date of his order*. *Ohio Valley Environmental Coalition v. Bulen*, 410 F. Supp. 2d 450, 471 (S.D. W. Va. 2004); *see also Ohio Valley Environmental Coalition v. Bulen*, 2004 WL 2384841, *3 (S.D. W. Va.) (explaining that "I enjoined only those projects that had not commenced as of July 8, 2004 to provide relief to the plaintiffs and also preserve the mining industry's ability to operate in the Southern District of West Virginia while applying for individual permits pursuant to Section 404(a) of the Clean Water Act. This approach complies with the Fourth Circuit's mandate that "an injunction should be carefully addressed to the circumstances of the case." *Kentuckians for the Commonwealth v. Rivenburgh*, 317 F.3d 425, 436 (4th Cir. 2003).").

## CONCLUSION

For the reasons set forth above, Fola respectfully requests a limited stay of the Order allowing Fola's use of the valley fills on which Fola previously has been permitted to conduct mining activity and that the limited stay remain in effect during the pendency of this case.[12]

---

[12] As noted above, the requested stay would also require this Court to remand the Permit without *vacatur* to the degree consistent with ongoing mining activities in the areas of these already-disturbed valley fills, which would preserve the Corps' oversight of Fola's ongoing operations, as well as the other conditions and limitations that would otherwise be imposed by the Permit on Fola's mining activities in these areas.

Respectfully submitted this 17th day of December, 2009.

**FOLA COAL COMPANY, LLC**

By SPILMAN THOMAS & BATTLE, PLLC

/s/ James S. Crockett, Jr.
James S. Crockett, Jr. (WV State Bar # 9229)
Allyn G. Turner (WV State Bar # 5561)
Andrew B. McCallister (WV State Bar # 10026)
Spilman Thomas & Battle, PLLC
Post Office Box 273
Charleston, West Virginia 25321-0273
Telephone: (304) 340-3800
Facsimile: (304) 340-3801
jcrockett@spilmanlaw.com
aturner@spilmanlaw.com
amccallister@spilmanlaw.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### HUNTINGTON DIVISION

**OHIO VALLEY ENVIRONMENTAL
COALITION, COAL RIVER MOUNTAIN
WATCH, WEST VIRGINIA HIGHLANDS
CONSERVANCY, and THE SIERRA CLUB,**

      **Plaintiffs,**

**v.**                                                                 **Civil Action No. 3:08-0979**

**UNITED STATES ARMY CORPS OF
ENGINEERS; ROBERT L. VAN ANTWERP,
Commander in Chief of Engineers, U.S. Army
Corps of Engineers; DANA R. HURST,
Colonel, District Engineer, U.S. Army Corps of
Engineers, Huntington District,**

      **Defendants**

**and**

**FOLA COAL COMPANY, LLC,
LOADOUT, LLC, and COAL RIVER
MINING, LLC,**

      **Intervenor-Defendants.**

## CERTIFICATE OF SERVICE

I, James S. Crockett, Jr., counsel for Fola Coal Company, LLC, hereby certify that on December 17, 2009, I electronically filed the foregoing **Intervenor-Defendant Fola Coal Company, LLC's Motion for Relief from November 24, 2009 Order** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Joseph M. Lovett, Esq.
> Derek O. Teaney Esq.
> Appalachian Center for the Economy and the Environment
> *Counsel for Plaintiffs*

James M. Hecker
Public Justice
1825 K Street, N.W. Suite 200
Washington, D.C. 20006
***Counsel for Plaintiffs***

Cynthia J. Morris, Esq.
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986
***Counsel for Defendants***

Robert G. McLusky, Esq.
Blair M. Gardner, Esq.
James R. Snyder, Esq.
Christopher M. Hunter, Esq.
Jackson Kelly PLLC
1600 Laidley Tower
P.O. Box 553
Charleston, WV 25322
***Counsel for Intervenor Hobet Mining Company, LLC***

Terry R. Sammons, Esq.
Sammons Law Offices, PLLC
P.O. Box 1747
Gilbert, WV 25621
***Counsel for Intervenors Loadout, LLC and Coal River Mining, LLC***

W. Howard Sammons, II, Esq.
Law Office of W. Howard Sammons, II, PLLC
2768 Pennsylvania Avenue
Charleston, WV 25302
***Counsel for Intervenors Loadout, LLC and Coal River Mining, LLC***

Edward P. Tiffey, Esq.
Edward P. Tiffey, PLLC
P.O. Box 3785
Charleston, WV 25337
***Counsel for Intervenors Loadout, LLC and Coal River Mining, LLC***

Nicholas S. Preservati, Esq.
Preservati Law Offices, PLLC
P.O. Box 1431
Charleston, WV 25325
***Counsel for Intervenors Loadout, LLC and Coal River Mining, LLC***

                              /s/ James S. Crockett, Jr.
                    James S. Crockett, Jr. (WV State Bar # 9229)