IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

OHIO VALLEY ENVIRONMENTAL
COALITION, et al.,

          Plaintiffs,

v.                              CIVIL ACTION NO. 3:08-0979

UNITED STATES ARMY CORPS
OF ENGINEERS, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Intervenor-Defendants Loadout, LLC and Coal River Mining, LLC's ("Loadout") Motion for Stay of November 24, 2009 Order (Doc. 186) and Intervenor-Defendant Foal Coal Company, LLC's ("Fola") Motion for Stay of November 24, 2009 Order (Doc. 193). For the reasons stated below, the motions are **GRANTED.**

**Loadout's Motion**

Loadout seeks a stay, pursuant to Rule 62(c) of the Federal Rules of Civil Procedure, of this Court's November 24, 2009 Order ("the Order"), pending appeal of the same to the Fourth Circuit. Specifically, Loadout requests a stay of: (1) the remand of its Nellis Surface Mine Permit (Permit No. 200100895) to the U.S. Army Corps of Engineers ("Corps"); and (2) the Court's directive that the Corps re-issue an amended notice for the permit. *See Loadout's Mot. to Stay* (Doc. 186). Loadout argues that a stay is appropriate under the four-factor test for a stay of an injunction applied in the Fourth Circuit, *see Long v. Robinson,* 432 F.2d 977, 979 (4th Cir. 1970), because: (1) Loadout has demonstrated a sufficient likelihood that it will prevail on the merits of its appeal; (2) Loadout

will suffer irreparable injury if a stay is denied because the remand and re-noticing of its permit would effectively deprive it of an appeal; (3) Plaintiffs will not be substantially harmed by a stay for, under the requested stay, no additional filling of jurisdictional waters will occur during the appeal; and (4) the public interest will be served by a stay because (a) it is in the public interest to maintain the status quo pending an appeal, (b) the public will be served by a complete adjudication of the notice issue resolved in the November 24, 2009 Order, and (c) because the local community is economically dependent upon the Nellis Surface Mine, allowing mining during the appeal is in the public interest. *See generally id.*

The United States filed a response to Loadout's motion, informing the Court that, based upon the Company's representation that no additional filling of jurisdictional waters will occur during the appeal process, the United States does not oppose the requested stay. *See U.S.'s Resp.* (Doc. 199). Plaintiffs, on the other hand, oppose the stay. *See Pls.' Resp. in Opp'n* (Doc. 189). In their response, Plaintiffs cite the same four-factor test articulated by Loadout, *see id.* at 1-2 (citing *Nken v. Holder*, – U.S. –, 129 S.Ct. 1749, 1760-61 (2009)), arguing that: (1) Loadout has not made a sufficient showing that it is likely to succeed on the merits of its appeal, and (2) Loadout has not shown that it will be irreparably harmed absent a stay.[1] *Id.* at 2-5. Plaintiffs contend that, because these two factors are the "two most critical factors" in determining whether to issue a stay, Loadout

---

[1]Although, as Loadout notes in its reply, Plaintiffs state in their response that Loadout "applied the wrong standard for a stay." *Loadout's Reply* (Doc. 191), 2 (citing *Pls.' Resp. in Opp'n* (Doc. 189), 2). The Court finds that this comment was not in response to Loadout's application of the four-factor test articulated in *Long* or *Nken*, but rather in regard to Loadout's argument that a stay should be granted in order to allow the Court of Appeals to address the "serious legal question" presented in the November 24, 2009 Order. *See Pls.' Resp. in Opp'n* (Doc. 189), 2. Plaintiffs are correct that a difficult legal question, alone, would not warrant a stay. The Court finds that it is merely this implication, not the four-factor test, that Plaintiffs contest in their response.

has failed to meet its burden for issuance. *Id.* at 2, 5 (citing *Nken*, 129 S.Ct. at 1761).

**Fola's Motion**

Fola seeks to stay the effect of the November 24, 2009 Order, on its Ike Fork Surface Mine Permit (Permit No. 200400967), in a similar manner and on similar grounds as those raised by Loadout. Specifically, Fola requests that the Court stay its directive to the Corps to: (1) re-issue an amended public notice for its Ike Fork Permit, (2) receive and respond to comments on the revised notice, and (3) reconsider the permit with any new comments in mind. *Fola's Mot. to Stay* (Doc. 193), 2 (citing *November 24, 2009 Order* (Doc. 165), 54). Applying the same four-factor test articulated in Loadout's motion, Fola argues that a stay is appropriate, because: (1) based on the Fourth Circuit's decision in *Ohio Valley Environmental Coalition v. Aracoma*, 556 F.3d 177 (4th Cir. 2009), and the substantial deference generally afforded an agency in the Corps' position, Fola has made a strong showing it is likely to succeed on the merits of its appeal, *id.* at 4-5; (2) Fola will suffer irreparable harm absent a stay, because (a) "failure to grant the requested stay in this case would eradicate any opportunity for meaningful appellate review of the Order," *id.* at 6 (citing *AJA Associates v. Army Corps of Engineers*, 817 F.2d 1070, 1073 (3d Cir. 1987)), and (b) in the case that the Corps issues an altered permit before the Fourth Circuit has ruled on Fola's appeal and the Fourth Circuit subsequently upholds the original public notice, Fola would be subject to inconsistent permit terms and conditions, *id.* at 7; (3) the requested stay will not cause Plaintiffs significant harm because Fola is currently conducting mining activities in accord with this Court's December 28, 2009 Order, which will continue to apply to this case, *id.* at 7-8; and (4) complete adjudication of the notice issue and clarification of the appropriate legal standard are in the public interest. *Id.* at 8.

The United States has filed a response to Fola's motion, informing the Court that, so long as Fola's filling of jurisdictional waters remains limited to those areas specifically identified in this Court's December 28, 2009 Order, the Government does not oppose the requested stay. *U.S.'s Resp.* (Doc. 207). Plaintiffs, however, oppose the motion. *See Pls.' Resp. in Opp'n* (Doc. 206). Applying the same four-factor test employed in their review of Loadout's motion, Plaintiffs contend that Fola, like Loadout: (1) has not made a strong showing that it is likely to succeed on the merits of its appeal, and (2) has not sufficiently demonstrated that it will be irreparably injured absent a stay. *Id.* at 3. Additionally, Plaintiffs argue that they will suffer irreparable harm if Fola's stay is granted because, unlike Loadout, Fola does not promise to refrain from filling additional jurisdictional waters during the appeal process. *Id.* at 4. Finally, Plaintiffs argue that the public interest favors denial because the benefit an appeal may provide in correcting an erroneous lower court ruling is outweighed by the public interest served "in seeing that administrative agencies act within their statutory authorizations and abide by their own regulations." *Id.* (citing *Ohio Valley Environmental Coalition v. Bulen*, 315 F.Supp.2d 821, 831 (S.D. W.Va. 2004)).

**Standard of Review**

A stay is "an exercise of judicial discretion and the propriety of its issue is dependent upon the circumstances of the particular case." *Nken*, 129 S.Ct. at 1760 (citing *Hilton v. Braunskill*, 481 U.S. 770, 777 (1987) (internal quotations omitted)). However, "[t]he fact that the issuance of a stay is left to the court's discretion does not mean that no legal standard governs that discretion." *Id*. at 1761. Instead, when determining whether to issue a stay pending appeal, the Court considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance

of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.*; *see also Hilton*, 481 U.S. at 776; *Long*, 432 F.2d at 979. The party seeking a stay bears the burden of showing that, when viewed in light of these factors, the circumstances of a particular case justify granting the requested motion. *Id.*

### Analysis

Applying the above standard, the Court **FINDS** that each of the requested stays is warranted. Because there is substantial overlap between the motions, they will be discussed together.

### Likelihood of Success

First, the Court considers each company's showing of the likelihood that it will succeed on the merits of its appeal. To satisfy the likelihood of success factor, a movant must show that "the chance of success [is] better than negligible." *Nken*, 129 S.Ct. at 1761. Thus, "more than a mere possibility of relief is required." *Id.* "The likelihood-of-success standard does not [however] mean that the trial court needs to change its mind or develop serious doubts concerning the correctness of its decision in order to grant a stay pending appeal." *Goldstein v. Miller*, 488 F.Supp 156, 172 (D.Md. 1980); *see also Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (D.C. Cir. 1977) ("[R]ecourse to the initial decision maker would hardly be required as a general matter if it could properly grant interim relief only on a prediction that it has rendered an erroneous decision. What is fairly contemplated is that tribunals may properly stay their own orders when they have ruled on an admittedly difficult legal question and when the equities of the case suggest that the status quo should be maintained.").

Plaintiffs argue that neither company has met its burden to show a likelihood of success because neither company has sufficiently rebutted this Court's November 24, 2009, finding that the

Corps' determinations, regarding the sufficiency of the public notices for the Nellis Surface Mine and Ike Fork Surface Mine permits, do not warrant heightened deference. *See Pls.' Resp. in Opp'n* (189), 3; *Pls.' Resp. in Opp'n* (206), 2. Specifically, Plaintiffs contend that the companies have failed to demonstrate a likelihood of success because they fail to explain how: (1) the Corps' determinations of completeness were consistent with their regulations; (2) an application that contained no information about the pertinent company's mitigation plan could be complete; or (3) that the public could meaningfully comment in the absence of such information. *Id.*

Without repeating the arguments or authority raised therein, Loadout and Fola rely on documents previously filed in this action to demonstrate they may succeed on the merits of their respective appeals. *See Loadout's Mot. to Stay* (Doc. 187), 6; *Fola's Mot. to Stay* (Doc. 194), 5, n.4. In particular, the companies direct the Court's attention to: (1) their respective motions and memorandum in support of their motions for summary judgment, and (2) their responses in opposition to Plaintiffs' motion for partial summary judgment. *Id.*

The Court is familiar with these documents. As a result, the Court finds that, by reference, the companies have properly invoked the legal reasoning and authority contained in these materials. Accordingly, and in light of the substantial deference an agency is generally afforded when interpreting and implementing its own regulations, the Court finds there is a reasonable argument that the Fourth Circuit may reverse its November 2009 decision. Consequently, the companies have made a showing of their likelihood to succeed sufficient for this factor to weigh in favor of a stay.

### Irreparable Harm

Next, the Court addresses the question of whether either applicant will be irreparably harmed absent a stay. Each company argues that it will be irreparably harmed absent a stay because the

remand and re-notice of its permit, while the appeal is pending, would effectively deprive the company of its right to appeal. *Loadout's Mem.* (Doc. 187), 7; *Fola's Mem.* (194), 6. Moreover, Fola argues that it will be incurably harmed absent a stay because the remand and re-notice of its Ike Fork permit may result in inconsistent permit obligations, *Fola's Mem.* (194), 7, and Loadout claims that it will be irreparably harmed absent a stay because any denial of its permit would result in economic loss. *Loadout's Mem.* (Doc. 187), 8.

Plaintiffs dispute these arguments. *See Pls.' Resp. in Opp'n* (189), 3-5; *Pls.' Resp. in Opp'n* (206), 3. First and foremost, Plaintiffs contest the contention that the potential that the remand and re-notice will moot the companies' respective appeals constitutes irreparable harm. *Pls.' Resp. in Opp'n* (189), 3 ("This is a purely procedural harm, which does not qualify as irreparable injury.") (citing *Fund For Animals v. Norton*, 281 F.Supp.2d 209, 222 (D.D.C. 2003)). Plaintiffs further argue that the potential economic harm Loadout describes does not qualify as irreparable injury because: (1) Loadout has not sufficiently established that such harm is likely and "[t]he possibility standard is too lenient" to establish this factor, *see Nken*, 129 S.Ct. at 1761, and (2) economic injuries, no matter how substantial, do not establish irreparable harm sufficient to warrant a stay. *Pls.' Resp. in Opp'n* (189), 3 (citing *Sampson v. Murray,* 415 U.S. 61, 90 (1974); *Long*, 432 F.2d at 980; *Kentuckians for the Commonwealth, Inc. v. Rivenburgh*, 206 F.Supp.2d 782, 804, 807 (S.D. W.Va. 2002)). Finally, Plaintiffs assert that Fola has failed to prove irremediable injury, insofar as it argues that the potential for conflicting permit obligations constitutes such harm, because such conflict is both hypothetical and procedural. *Pls.' Resp. in Opp'n* (206), 3.

The Court agrees with Plaintiffs that neither the economic loss argued by Loadout, nor the potential for inconsistency argued by Fola, qualify as irreparable harm. *See, e.g., Long*, 432 F.2d

at 980-81("[M]ere injuries, however substantial, in terms of money, time and energy expended in the absence of a stay, are not enough."); *Nken*, 129 S.Ct. at 1761 ("[S]ome possibility of irreparable injury fails to satisfy the second factor.") (internal quotations and citations omitted). Additionally, the Court agrees that a procedural harm, standing alone, is not sufficient to establish this factor. *See Fund For Animals*, 281 F.Supp.2d at 222. Still, neither finding leads the Court to conclude that irreparable harm is lacking in this case. To the contrary, the Court is persuaded that: (1) the remand and re-notice of the coal companies' permits would, as a practical matter, moot their respective appeals, and (2) such denial of the companies' appellate rights constitutes a sufficient substantive loss to tip the balance in favor of a stay. *See In re Permian Producers Drilling, Inc.*, 263 B.R. 510, 522 (W.D. Tex. 2000) (citing *In re Barrier,* 776 F.2d 1298, 1299 n. 1, 1300 (5th Cir. 1985)) (finding the "effective[] undermining [of] the utility of the movant's appeal" justified a finding of irreparable harm).

### Substantial Injury to Other Interested Parties

Next, the Court considers the question of whether the issuance of the requested stays will result in substantial injury to the other parties interested in this proceeding. Here, the facts surrounding each permit are somewhat different and each permit is, therefore, reviewed separately.

### Loadout's Nellis Surface Mine Permit

On February 12, 2010, the Court denied Loadout's motion for relief from its November 24, 2009 Order. *See* Doc. 184. As a result, Loadout's mining operations are presently limited by the agreement between Loadout and Plaintiffs, entered into on March 28, 2008. In March 2008, Loadout agreed not to discharge any additional dredge and fill material in jurisdictional waters, at the Nellis Surface Mine, without notice to Plaintiffs. *See April 1, 2009, Letter Memorializing*

*Agreement* (Doc. 171-1). This compromise was made in exchange for Plaintiffs' agreement not to seek a TRO. *Id.* Citing the 2008 agreement, Loadout contends that – because no additional filling will occur, under the requested stay, during the appeal process – the stay will not substantially harm Plaintiffs or the Corps. *Loadout's Mem.* (Doc. 187), 8. Accordingly, Loadout argues this factor weighs in favor of granting their stay and preserving the status quo.

The Court agrees. First, Plaintiffs concede that, in the absence of additional filling, they cannot credibly argue that a stay of the directive to remand and re-issue the Nellis Surface Mine Permit will cause them substantial harm. *Pls.' Resp. in Opp'n* (Doc. 189), 5. Furthermore, in its response, noting no opposition to Loadout's motion, the United States explains that its lack of opposition is based, in its entirety, on Loadout's commitment not to fill additional jurisdictional waters during appeal. *U.S.'s Resp.* (Doc. 199). In light of these admissions and representations, the Court finds that Loadout's stay will not result in substantial harm to Plaintiffs or the United States. Hence, this factor supports granting the Company's desired stay.

### Fola's Ike Fork Surface Mine Permit

The question of whether the issuance of the stay requested by Fola will result in substantial injury to the other interested parties, at first glance, presents a different calculus than Loadout's request. This is because the Court granted Fola's request for relief from its November 24, 2009 Order and, as a result, the company may continue to fill jurisdictional waters pending appeal. *See December 28, 2009 Order* (Doc. 170). Accordingly, Plaintiffs argue there will be substantial injury, in the form of environmental harm, if the stay requested by Fola is granted. *Pls.' Resp. in Opp'n* (Doc. 206), 4.

The Court is not convinced, however. Although Plaintiffs are correct in that the filling of

jurisdictional waters at Fola's Ike Fork Surface Mines continues pending appeal, this filling is the product of the Court's December 28, 2009 Order, granting Fola's request for relief from the November 24, 2009 Order, and in no way the result of the instant motion for a stay. Accordingly, and as impliedly recognized in the United States' response to Fola's motion, so long as Fola is required to confine any filling of jurisdictional waters to those areas specified in the December 28, 2009 Order, the requested stay will not result in substantial harm. *See U.S.'s Resp.* (Doc. 207); *see also Fola's Reply* (Doc. 208). This factor therefore also weighs in favor of Fola's requested stay.

### The Public Interest

Finally, the Court considers whether the public interest will be served by a stay. According to the companies, the public will benefit from a stay, first and foremost, because the notice issue resolved in the November 24, 2009 Order represents an issue of first impression in this district and, consequently, the public will be best served by its full adjudication. *Loadout's Mem.* (187), 9; *Loadout's Reply* (Doc. 191), 5; *Fola's Mem.* (194), 8. Specifically, the companies claim that the public, and in particular the regulated community, will benefit from appellate review of the November 24, 2009 Order because such review will provide clarity and consistency with regard to the legal standard applicable to the § 404 notice issue. *Id*. Additionally, Loadout argues that a stay will serve the public because of the positive effects it will have on the local economy. *Loadout's Mem.* (187), 9-10.

On both counts, Plaintiffs disagree. They argue the public interest lies in denying both stays because: (1) Loadout's claim of economic harm is speculative, and (2) there is a greater public advantage in requiring that administrative agencies follow existing laws and regulations, than will be achieved by clarifying the law. *See Pls.' Resp. in Opp'n* (189), 5; *Pls.' Resp. in Opp'n* (206), 4.

-10-

Here, the Court agrees with the coal companies, finding that, because the notice issue at the heart of the November 24, 2009 Order is a question of law of first impression in this district, it warrants review by the federal appellate court. Therefore, this factor tips the balance in favor of staying the November 24, 2009 Order insofar as it directs the remand and re-notice of the permits at issue.

## Conclusion

The Court **GRANTS** the requested stays, **FINDING** that each of the pertinent factors weighs in favor of staying the effect of the November 24, 2009 Order insofar as it requires remand, re-notice and/or re-issuance of the relevant permits. Notwithstanding this finding, however, the companies are cautioned that their mining activities remain limited by the Court's December 28, 2009 and February 12, 2010 Orders. Consequently, Fola may only fill in additional jurisdictional waters insofar as it is specifically authorized under the December 28, 2009 Order and Loadout is **ORDERED** not to fill additional jurisdictional waters during the pendency of its appeal.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER: May 4, 2010

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE