# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

OHIO VALLEY ENVIRONMENTAL
COALITION, et al.,

                Plaintiffs,

v.                                       CIVIL ACTION NO. 3:08-0979

UNITED STATES ARMY CORPS
OF ENGINEERS, et al.,

                Defendants.

### ORDER

On May 14, 2012, Plaintiffs filed a Motion for a Temporary Restraining Order Against the Loadout Nellis Surface Mine (ECF No. 233). In order to allow time for briefing and argument, the parties extended a long-standing standstill agreement "until the conclusion of the Preliminary Injunction Hearing on May 18, 2012." *Agreed Order*, ECF No. 236.

Based upon the representations and arguments of counsel and upon consideration of the pleadings, the Court **FINDS** that the balancing of harms weighs in favor of granting the temporary restraining order. Specifically, the Court finds Plaintiffs will suffer irreparable harm if the activities are not enjoined. These activities constitute significant and irreparable environmental damage. On the other hand, the Court finds that the harm to Defendant U.S. Army Corps of Engineers is minimal. Similarly, the harm to Intervenor-Defendant Loadout, LLC is slight as the duration of this temporary restraining order is very limited and this retraining order is in essence a brief continuation of the standstill agreement under which they have been operating for over two years. The public interests at stake justify a temporary maintenance of the status quo. Accordingly, the Court

**GRANTS** Plaintiffs' motion for a Temporary Restraining Order (ECF No. 233) and prohibits Intervenor-Defendant Loadout, LLC from engaging in any activity that will disturb additional jurisdictional waters in Mech Fork and Dave's Fork of their Nellis Surface Mine.

Plaintiffs' Motion for a Preliminary Injunction (ECF No. 237) is **taken under advisement** because the record is inadequate for decision without information from Intervenor-Defendant Loadout, LLC, as to the mining activities that have already taken place in the two valley fills in Dave's Fork.[1] Accordingly, at today's hearing, the Court **DIRECTED** Intervenor-Defendant Loadout, LLC, to submit the following additional materials to the Court within one week:

1. The current conditions, physical features, and extent of jurisdictional waters that have already been filled;
2. an explanation of the volume of fill material that has been deposited in the valley fills #1 and #2 in Dave's Fork; and
3. documentation reflecting when, in the ordinary course of mining, Loadout anticipates an operational need to disturb additional jurisdictional waters in the valley fills in Dave's Creek and Mech Fork.

Once Loadout provides the Court with the additional information, the Court will resolve Plaintiffs' Motion for a Preliminary Injunction expeditiously, and expects to do so without argument.

Last, upon an oral motion from the Plaintiffs for leave to supplement their complaint, the Court **DIRECTED** Plaintiffs to file a written motion, along with a proposed supplemental complaint, no later than Tuesday, May 22. Defendant and Intervenor-Defendant shall have until Tuesday, May 29, 2012, to file any response. The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

---

[1] It is the Court's understanding that no part of Mech Fork has been filled to date; that 47% of the expected fill length has already been filled in Dave Fork Valley Fill #2; and that and 60% of the expected fill length has already been filled in Dave Fork Valley Fill #1. *See Affidavit*, ECF No. 171-1.

ENTER: May 18, 2012

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE